# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER BLOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FQSR, LLC d/b/a/ KBP FOODS, LLC, and DOES 1 thourgh 5,<br><br>Defendant. | Case No. 1:19-cv-7900<br><br>Class Action |

## NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Christopher Block, on behalf of himself and all others similarly situated, and asserts as follows:

## INTRODUCTION

1. Plaintiff has a mobility disability stemming from a C5 neck fracture causing quadripiligia, which has caused him to use a wheelchair for mobility.

2. Defendant FQSR, LLC d/b/a/ KBP FOODS, LLC ("KBP FOODS" or "Defendant") owns and operates restaurants, including Kentucky Fried Chicken ("KFC"). As is relevant to this lawsuit, and on information and belief, KBP FOODS owns and operates five hundred sixty-seven (567) KFC franchises throughout Alabama, Florida, Georgia, Iowa, Illinois (61 locations), Indiana, Kansas, Louisiana, Maryland, Michigan, North Carolina, Nebraska, New Jersey, New York, Ohio, Oklahoma, Tennessee, Texas, and Virginia. The KFC locations KBP FOODS owns and operates include those locations which Plaintiff encountered, as described in more detail below.

3. Defendant discriminated against Plaintiff – and other similarly situated mobility impaired persons - by utilizing unreasonable and discriminatory policies, practices, or procedures

that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendant's facilities. Specifically, Plaintiff experienced difficulty and risk of harm navigating the parking lot and path of access to Defendant's business due to excessive sloping, all in violation of the ADA, and those violations arose due to Defendant's inadequate, existing facilities policies, practices, or procedures that lead to, as in the case of Defendant's parking lots, a systemic failure to maintain accessibility features at Defendant's facilities.

4. In fact, numerous facilities owned, controlled, or operated by Defendant ("Defendant's facilities") have parking lots that are, or have become, inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision-making Defendant employs with regard to the alteration, maintenance, and operation of its facilities causes access barriers or allows them to develop and persist at Defendants' facilities.

5. Plaintiff brings this action individually and on behalf of all others similarly situated to compel Defendant to cease unlawful discriminatory practices and to reasonably modify its policies, practices, or procedures to ensure its facilities are maintained in compliance with the ADA's parking and lane of access regulations. Doing so will ensure Plaintiff's full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services. Plaintiff seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations.

6. Unless Defendant is required to remove the access barriers described below, and required to make reasonable modifications to its policies, practices, or procedures so that access barriers do not reoccur at Defendants' facilities, Plaintiff and the proposed Class will continue to

be denied full and equal access to those facilities as described and will be deterred from fully using Defendants' facilities so long as Defendants' unlawful discriminatory practices continue.

7. Defendants' discrimination sends a message that it is acceptable for public accommodations to utilize unreasonable and discriminatory policies, practices, or procedures that deprive mobility impaired individuals of the opportunity to full and equal enjoyment of, and a meaningful opportunity to participate in and benefit from Defendants' services.

8. The ADA expressly contemplates injunctive relief aimed at modification of policies, practices, or procedures that Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . .. Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . ..

42 U.S.C. § 12188(a)(2).

9. Pursuant to the ADA it is mandatory that Defendant makes reasonable modifications in its policies, practices, or procedures to afford its goods, services, facilities, privileges, advantages, accommodation to individuals with disabilities, and it is unlawful discrimination for a Defendant to fail to make such modiciations.

42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R., § 36.302(a).

10. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

   a. Defendant remediate all access barriers within the parking areas of Defendant's facilities, consistent with the ADA;

   b. Defendant modify its policies, practices, or procedures so that access barriers within the parking areas of Defendant's facilities do not reoccur; and

   c. Plaintiff's representatives shall monitor Defendant's facilities to ensure that the injunctive relief ordered pursuant to Paragraph 10.a. and 10.b. has been implemented and will remain in place.

11. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## PARTIES

12. Plaintiff Christopher Block is a current resident of Highland Park, and previously was a resident of Lake Forest, Illinois. As described above, as a result of his disability, Plaintiff uses a wheelchair for mobility. Plaintiff suffered an injury two years ago which resulted in a fracture to his fifth vertebrae, leaving him paralyzed from the chest down. Despite these significant injuries, Mr. Block is an active equestrian and rower. He has recently returned from a scuba diving trip where he learned how to scuba dive with assistance. Prior to his injury, Mr. Block earned a bachelor's degree in Mechanical Engineering and a master's degree in Biological and Systems Engineering from Virginia Tech University. Plaintiff worked for various companies as a test engineer until the time of his injury. Since that time, he has persevered through multiple surgeries to regain his strength and the use of his arms. Plaintiff looks forward to returning to the workforce in the coming months.

13. Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

14. Defendant FQSR, LLC d/b/a/ KBP FOODS, LLC, is, and at all times relevant hereto was, a Delaware limited liability company, with its principal place of business at 10950 Grandview Drive, Suite 300, Overland Park, KS 66210.

15. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 5, are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when known. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

16. Plaintiff alleges that Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint were the alter egos, agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

17. Defendant's facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and are therefore subject to the requirements of the ADA.

## FACTUAL ASSERTIONS

**Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities**

18. Plaintiff Block has visited Defendants' facilities located at 3927 N Harlem Ave Chicago, IL including within the last year, where he experienced unnecessary difficulty and risk of physical harm when exiting and entering his vehicle, such that extra care was needed to avoid falling and to safely traverse the area, due to excessive slopes in a purportedly accessible parking area and other ADA accessibility violations as set forth in more detail below.

19. Despite this difficulty and risk, Mr. Block plans to return to Defendants' facilities at least three times a year. It is convenient for him to stop by regularly to continue to test Defendants' facilities' compliance with the ADA because Mr. Block regularly dines at KFC when he is returning from his rehabilitation sessions. He likes to order the grilled or fried chicken sandwich and/or a salad. Furthermore, he intends to return to Defendants' facilities to ascertain whether those facilities remain in violation of the ADA.

20. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use Defendant's facilities has been significantly impeded. Plaintiff will be deterred from returning to and fully and safely accessing Defendant's facilities due to the discrimination on the basis of disability he has previously encountered there. Defendant's discriminatory conduct will continue so long as its facilities remain non-compliant with the ADA's parking and lane of access regulations, and those violations presently exist due to Defendant's inadequate maintenance policies, practices, or procedures that have led, and in the future will lead to a systemic failure to maintain ADA required accessibility features at Defendant's facilities.

21. As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendant's facilities, have adequate maintenance policies, practices, or procedures that will lead to both the maintenance of ADA required accessibility features at Defendant's properties, and remediation of architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendant's Facilities**

22. As the owner and manager of their properties, Defendant employs centralized policies, practices, or procedures with regard to the alteration, maintenance, and operation of its facilities.

23. To date, Defendant's centralized alteration, maintenance, and operational policies, practices, or procedures have systematically and routinely violated the ADA by altering its facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain or operate its facilities so that the accessible features of Defendant's facilities remain accessible.

24. Investigators examined multiple locations owned, controlled, or operated by Defendant and found the following violations, which are illustrative of the fact that Defendant utilizes policies, practices, or procedures that routinely result in accessibility violations:

    a. 7445 S Stony Island Ave Chicago, IL

        i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii. The surfaces of one or more purportedly accessible access aisles had slopes exceeding 2.1%.

    b. 4200 W 55th Street Chicago, IL

        i. The surfaces of one or more purportedly accessible access access aisles had slopes exceeding 2.1%.

    c. 2823 S Cicero Ave Cicero, IL

        i. The surfaces of one or more purportedly accessible access parking spaces had slopes exceeding 2.1%.

        ii. The surfaces of one or more purportedly accessible access aisles had slopes exceeding 2.1%.

    d. 7135 Ogden Ave Berwyn, IL

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

      ii. There was no level landing for the purportedly accessible curb ramp

  e. 316 Madison Street Oak Park, IL

      i. The surfaces of one or more purportedly accessible access parking spaces had slopes exceeding 2.1%.

      ii. The surfaces of one or more purportedly accessible access aisles had slopes exceeding 2.1%.

  f. 3927 N Harlem Ave Chicago, IL

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%

25. The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendant's facilities, and the fact that each of these facilities denies access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendant's systemic disregard for the rights of individuals with disabilities.

26. Defendant's systemic access violations demonstrate that Defendant either employs policies, practices, or procedures that fail to, or alter their facilities so that they are readily accessible and usable or that Defendant employs maintenance and operational policies, practices or procedures that are unable to maintain accessibility.

27. As evidenced by the widespread inaccessibility of Defendant's parking facilities, absent a change in Defendant's corporate policies, practices, or procedures, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

28. As a result of Defendant's non-compliance with the ADA, Plaintiff has been denied the benefit of full and equal enjoyment of Defendant's goods, services, facilities,

8

privileges, advantages, or accommodations, and has been treated unequally by Defendant.

29. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify the policies, practices, or procedures that have created or allowed, and will create or allow, inaccessibility to affect Defendant's network of facilities.

## JURISDICTION AND VENUE

30. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

31. Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

32. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions at issue occurred.

## CLASS ASSERTIONS

33. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of himself and the following nationwide class:

> All wheelchair users with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any FQSR, LLC d/b/a/ KBP FOODS, LLC location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendant's failure to comply with the ADA's slope regulatons within the purportedly accessible parking areas of its facilities.

34. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

9

35. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

36. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities or services due to Defendant's failure to make their facilities fully accessible and independently usable as above described.

37. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and he has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

38. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**<u>SUBSTANTIVE VIOLATION</u>**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 *et seq.*]**

**(Against all Defendants)**

39. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

40. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.* was in full force and effect and applied to Defendant's conduct.

41. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendants' conduct.

42. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of mobility. Accordingly, he is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2).

43. Defendant owns, leases, or operates restaurants that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

44. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations," 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), and from denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. §§ 36.202.

45. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the

known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

46. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

47. Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304(a);

   b) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402;

   c) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211; and,

   d) Failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R., § 36.302(a).

48. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

49. The ADA also provides for specific injunctive relief, which includes the following:

In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required

by this subchapter. Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

50. Defendant's facilities were altered, designed, or constructed after the effective date of the ADA.

51. The ADA requires Defendant's facilities to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

52. Further, the ADA requires the accessible features of Defendant's facilities, which include parking areas of its facilities, to be maintained so that they remain accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

53. The architectural barriers described above demonstrate that Defendant's facilities were not altered, in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs or that Defendant's facilities were not maintained or operated so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

54. Furthermore, the architectural barriers described above demonstrate that Defendant has failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

55. Defendant's repeated and systemic failures to alter, to remove architectural barriers from, and to maintain the accessible features its facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

56. Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

57. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

58. Defendant has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

59. Defendant has discriminated against Plaintiff and the class in that it has failed to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

60. Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

61. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

62. Given that Defendant has not complied with the ADA's requirements to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals

who use wheelchairs; (ii) directs Defendant to modify its policies, practices, or procedures to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place.

c. An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f. The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: December 2, 2019

Respectfully Submitted,

 s/ Adam C. York
Adam C. York (6294143)
ayork@kamberlaw.com
Michael Aschenbrener (6292306)
masch@kamberlaw.com
**KAMBERLAW LLC**
220 N. Green Street
Chicago, IL 60607
Telephone: 212-920-3072

Benjamin J. Sweet (*Pro Hac Vice to be Filed*)
ben@sweetlawpc.com
**THE SWEET LAW FIRM, PC**
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Telephone: 412.857.5350

Jonathan D. Miller (*Pro Hac Vice to be Filed*)
Jordan T. Porter (*Pro Hac Vice to be Filed*)
jonathan@nshmlaw.com
jordan@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 West Mission, Suite 201
Santa Barbara, CA 93101
Telephone: 805-963-2345

*Counsel for Plaintiff Christopher Block
and the Class*